IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,222-03






EX PARTE ANDREW JACKSON BURNS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 914428 IN THE 351ST DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam. Cochran, J., filed a concurring statement, in which Keller, P.J.,
Hervey, and Alcala, JJ., joined. 

 

ORDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and sentenced to thirty-five years' imprisonment. The Fourteenth Court of Appeals
affirmed his conviction. Burns v. State, No. 14-03-00156-CR (Tex. App.-Houston [14th Dist.] May
18, 2004) (unpublished). During the same trial proceedings, Applicant was convicted in a separate
cause of possession of less than one gram of a controlled substance and acquitted of indecency with
a child. 

 Applicant contends that his trial counsel rendered ineffective assistance because he did not
recognize that evidence at trial raised mistake of fact and did not request an appropriate jury
instruction that would allow the jury to consider the defense. The trial court agreed with Applicant
and recommended that this Court grant relief. 

 To obtain habeas corpus relief for ineffective assistance of counsel under Strickland v.
Washington, an applicant must show that (1) counsel's performance was unconstitutionally deficient,
and (2) "there is a 'reasonable probability'-one sufficient to undermine confidence in the result -
that the outcome would have been different but for his counsel's deficient performance." (1) After a
thorough review of the habeas and trial records, we find that Applicant has not proven, by a
preponderance of the evidence, that his trial counsel provided constitutionally deficient assistance
or that any purported deficiency so prejudiced Applicant that the jury's guilty verdict cannot be relied
upon. Accordingly, habeas corpus relief is denied. 


Delivered: January 25, 2012

Do Not Publish
1. Ex parte Chandler, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005) (citing Strickland v.
Washington, 466 U.S. 668, 694 (1984)).